CHRISTOPHER E. MARTIN (AZ. Bar No. 018486)
admitted *pro hac vice*
Email:  martinc@sec.gov
POLLY A. ATKINSON (CO. Bar No. 18703)
admitted *pro hac vice*
Email:  atkinsonpolly@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Telephone: (303) 844-1106

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> BRADLEY C. REIFLER, <br><br> Defendant, <br><br> and <br><br> FOREFRONT PARTNERS, LLC FOREFRONT CAPITAL SERVICES, LLC, and PORT ROYAL-NCM, LLC, <br><br> Relief Defendants. | Case No. 20-cv-00511 <br><br><br> **STIPULATED PROTECTIVE ORDER** <br><br><br> **Judge Richard F. Boulware, II** <br> **Magistrate Judge Daniel J. Albregts** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, Plaintiff Securities and Exchange Commission ("SEC") and Defendant Bradley C. Reifler and Relief Defendants Forefront Partners, LLC, Forefront Capital Services, LLC, and Port Royal-NCM, LLC (collectively, "Defendants"), have agreed to the terms of this Stipulated Protective Order ("Protective Order"); accordingly, it is **STIPULATED**:

1.   **Scope.**   All documents, materials, and information (herein collectively defined as "documents") disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including without limitation documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information, as well as the documents discussed in Paragraph 3(b) below, shall be subject to this Order concerning Confidential Information as defined below.  This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure.

2.   **Confidential Information.**   As used in this Order, "Confidential Information" means documents that are designated as Confidential Information (as provided in Paragraph 3 of this Order) and falls within one or more of the following categories:  (a) information prohibited from disclosure by statute; (b) trade secrets or other proprietary information; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records.   Documents that are available to the public are not Confidential Information.

3.   **Designation.**

(a)   A party may designate a document it is producing pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure as Confidential Information if it has determined in good faith that the document constitutes Confidential Information as defined in Paragraph 2 of this Order.  Whenever possible and appropriate, the party designating documents as Confidential Information must designate only those portions of a document, deposition, transcript, or other material that contain the Confidential Information and refrain from designating the entire document.  To designate a document (or a portion of a document) as Confidential Information, a party must a) place or affix the words "CONFIDENTIAL – SUBJECT

TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document (or, for documents such as spreadsheets that cannot easily be stamped with this label, by providing a slip sheet with this designation) and b) provide to the party receiving the designated documents an index of the designated documents.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The markings "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall be applied and the index provided prior to or at the time that the documents are produced or disclosed, with the exception of those documents described in Paragraph 3(b).  Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that documents that are attorney work product or protected by the attorney-client communication privilege, indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    **(b)**   Documents produced by a party in the course of the SEC's investigation captioned *In the Matter of Forefront Capital Management* (D-3562) (hereinafter, the "SEC Investigation") and for which confidential treatment was requested at the time of production, shall also be deemed to be Confidential Information under this order.  Within twenty-one (21) days after entry of this Order, any party requesting confidential treatment of documents provided during the SEC's investigation shall provide a written index of the documents it is continuing to designate as Confidential Information by Bates number, production date, or other description ("Index of Confidential Investigative Documents").  Any investigative

documents that were provided during the SEC's investigation that are not listed on the Index of Confidential Investigative Documents,  shall not be considered as containing Confidential Information as that term is defined in Paragraph 2 of this Order.  Within twenty-one (21) days after production in this litigation or entry of this Order, whichever is later, and consistent with Paragraph 3(a), any party may retroactively designate as Confidential Information any other documents, data, information, or letters it previously produced or provided or transcripts of testimony a party or any of its past or present employees provided during the course of the SEC Investigation that the other party reproduced during this litigation.   Such retroactive designation shall be accomplished by the designating party providing counsel for the non-designating party a written index of the documents it is designating as Confidential Information by Bates number ("Index of Retroactively Designated Confidential Investigative Documents").  Upon receipt of the Index of Confidential Investigative  Documents or Index of Retroactively Designated Confidential Investigative  Documents, the parties:  (i) shall not make any further disclosure or communication of such retroactively designated documents except as provided for in this Order; (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated documents of the effect of such designation under this Order; and (iii) shall take reasonable steps to procure all copies of such designated documents from any persons known to have possession of any such designated documents who are not entitled to receipt of same under this Order.

(c)     **Third Party Discovery.**  Any third party producing documents pursuant to a subpoena issued in this matter may avail itself of the protections provided in this Order by following the procedures in the Order for designating the documents it produces as Confidential Information.

(d)     **Inadvertent Disclosure of Privileged Documents.**  A party that produces documents that is designated as Confidential Information pursuant to this Order can request in writing that the receiving party return any such document that was

inadvertently produced that is privileged under the attorney-client privilege, work product doctrine, or any other recognized privilege, in accordance with the provisions of Federal Rule of Civil Procedure 26(b)(5)(B).

**4.    Depositions of Parties and Employees of Parties.**  Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken of any party to this case  or any party's past and former employees shall be treated as Confidential Information for thirty (30) days after the transcript is delivered to any party or the witness.  If the deposition is of a party or a current or former employee of any party, that party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order.  The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

**5.    Protection of Confidential Documents.**

**(a)    General Protections.**  Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose other than this litigation, including any appeal thereof, except that nothing in this Order shall prevent Plaintiff from using Confidential Information, or any other information, received prior to or during this litigation in a manner consistent with its obligations under law concerning disclosure of documents, including but not limited to its obligations under the Freedom of Information Act.  In addition, nothing in this Protective Order shall:  a) interfere with the Commission's use of information for law enforcement activities or to regulate and administer the federal securities law; or b) apply to or in any manner condition, limit, or infringe the Commission's congressionally-mandated and authorized obligation to cooperate with other federal, state, local, or foreign law enforcement or regulatory agencies, including without limitation sharing Confidential Information with other federal, state, local, or

foreign law enforcement and/or regulatory agencies. Plaintiff agrees that if counsel of record receives notice of a FOIA request for any Confidential Information designated by Defendants, they will notify Defendants in sufficient time in advance of any disclosure, so that either or both Defendants may timely object to any such disclosure.

**(b)** **Limited Third-Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Any person to whom Confidential Information is disclosed pursuant to these subparagraphs shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subparagraphs (5)-(8) shall be required to execute a copy of the form Attachment A (Acknowledgment of Understanding and Agreement to Be Bound) in advance of being shown the Confidential Information, an executed copy of which shall be maintained and made available to other parties upon good cause shown and upon order of the Court. Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

**(1)** **Counsel.** Counsel for the parties, employees of counsel who have responsibility for the action, and persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in connection with this case;

**(2)** **Parties.** Parties and parties' employees, independent contractors, officers, and directors, including SEC Commissioners;

**(3)** **The Court and its employees and personnel;**

1

2  (4) **Court Reporters and Recorders.** Court reporters and

3     recorders, including videographers, engaged for

4     depositions or trial;

5  (5) **Contractors.** Those persons specifically engaged for the

6     limited purpose of making copies of documents or

7     organizing or processing documents, including outside

8     vendors hired to process electronically stored documents,

9     and persons or entities hired to provide litigation support

10     services in connection with this action;

11  (6) **Consultants and Experts.** Consultants, investigators, or

12     experts who have been retained by the parties or counsel for

13     the parties to assist in the preparation and trial of this action

14     (including providing expert opinions and/or testimony);

15  (7) **Deponents, witnesses, or potential witnesses;**

16  (8) **Author or Recipient.** The author or recipient of the

17     document (not including a person who received the

18     document in the course of litigation); and

19  (9) **Others by Consent.** Other persons only by written consent

20     of the producing party or upon order of the Court and on

21     such conditions as may be agreed or ordered.

22 **(c)** **Control of Documents.** Counsel for the parties shall make

23 reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential

24 Information. Counsel shall maintain the originals of the forms signed by persons

25 acknowledging their obligations under this Order for a period of three years after the

26 termination of the case.

27 **(d)** **Unauthorized Disclosure of Confidential Information.** If a

28

receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Order, the receiving party must immediately:  (a) notify in writing the producing party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the Confidential Information; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request that such person or persons execute the "Acknowledgment of Understanding and Agreement to Be Bound" that is attached hereto as Attachment A.

6.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information, or include it on the Index of Confidential Investigative Documents or the Index of Retroactively Designated Confidential Investigative Documents does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony.  If a party designates a document as Confidential Information after it was initially produced or adds a document to the Index of Confidential Investigative Documents or the Index of Retroactively Designated Confidential Investigative Documents, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  No party shall be found to have violated this Order for failing to maintain the confidentiality of a document during a time when that document has not been designated, even where the failure to so designate was inadvertent and where the document is subsequently designated as containing Confidential Information or added to the Index of Confidential Investigative Documents or the Index of Retroactively Designated Confidential Investigative Documents.

7.     **Filing of Confidential Information.**

   (a)     Any Confidential Information filed with the Court shall be redacted

in accordance with Rule 5.2 of the Federal Rules of Civil Procedure ("Rule 5.2").  If any party believes, in good faith, that additional categories of information should be redacted prior to filing any document produced during discovery, the parties agree to meet and confer and, if unable to reach an agreement, submit their dispute to the Court for resolution.

**(b)** Unless the designating party agrees otherwise, until the Court issues a ruling that a document designated as containing Confidential Information does not in fact contain Confidential Information, no party may file any Confidential Information with the Court unless such filing is made under seal or the Confidential Information is redacted.  Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with Federal Rule of Civil Procedure 5.2, Local Rule 10-5, and this District's ECF Procedures.

**8.     No Greater Protection of Specific Documents.**  Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9.     Challenges by a Party to Designation as Confidential Information.**  The designation of any document as Confidential Information is subject to challenge by any party.  The following procedure shall apply to any such challenge.

**(a)     Meet and Confer.**   A party challenging the designation of Confidential Information must do so in good faith, including because the party intends to use the document in a manner for which the designation creates burdens to the party's use, and must begin the process by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made and explain the basis for its belief that the confidentiality designation was not proper.  The parties agree to meet and confer regarding the notice within five (5) business days.

**(b)   Judicial Intervention.**  If the parties cannot resolve the objection within five (5) business days after the meet and confer, the party challenging the designation may file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  This Protective Order will not affect the burden of proof on any such motion, or impose any burdens upon any party that would not exist had the Protective Order not been entered; as a general matter, the burden shall be on the person making the designation to establish the propriety of the designation.  Any contested information shall continue to be treated as confidential and subject to this Protective Order until such time as such motion has been ruled upon.

**10.   Use of Confidential Documents or Information at Trial.**  Nothing in this Order shall be construed to affect the use of any document, including any such document designated as Confidential Information, at any trial or hearing.

**11.   Right to Assert Other Objections.**  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any document, information, or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to the use in evidence of any of the documents covered by this Order.

**12.   Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

**(a)**   If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, promptly and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

**(b)**   The receiving party also must promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the

documents covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

**13.     Obligations on Conclusion of Litigation.**

**(a)     Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

**(b)     Obligations at Conclusion of Litigation.**  Any retained Confidential Information shall continue to be protected under this Order.

**14.     Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**15.     No Prior Judicial Determination.**  This Order is entered based on the representations of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document designated Confidential Information by counsel or the parties is entitled to be filed under seal or protected under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

16.   **Persons Bound.**   This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

Dated:  September 17, 2020

/s/ Christopher E. Martin

Christopher E. Martin
Polly A. Atkinson
Attorneys for Plaintiff
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Telephone: (303) 844-1106

*{Remainder of Page Intentionally Left Blank}*

Dated:  September 17, 2020

*/s/ Theodore L. Kornobis*

THEODORE L. KORNOBIS (D.C. Bar No. 997236)
admitted *pro hac vice*
Email:  ted.kornobis@klgates.com
STEPHEN G. TOPETZES (D.C. Bar No. 424593)
admitted *pro hac vice*
Email:  Stephen.topetzes@klgates.com
STAVROULA E. LAMBRAKOPOULOS (D.C. Bar No. 453167)
admitted *pro hac vice*
Email: stavroula.lambrakopoulos@klgates.com
K&L Gates LLP
1601 K St. N.W.
Washington, D.C. 20006
Telephone: (202) 778-9000

ROBERT J. CASSITY
Nevada Bar No. 9779
Email:  bcassity@hollandhart.com
SYDNEY R. GAMBEE
Nevada Bar No. 14201
Email:  srgambee@hollandhart.com
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Telephone: (702) 669-4600

Attorneys for Defendant Bradley C. Reifler and the Relief Defendants

**IT IS SO ORDERED:**

**HONORABLE DANIEL J. ALBREGTS**
**UNITED STATES MAGISTRATE JUDGE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2020, I caused the foregoing document to be electronically filed with the Court using the ECF system, which will send notification of such filing to ECF-registered counsel.

*/s/ Christopher E. Martin*
Christopher E. Martin

Attorney for Plaintiff
Securities and Exchange Commission

## Attachment A

CHRISTOPHER E. MARTIN (AZ. Bar No. 018486)
admitted *pro hac vice*
Email:  martinc@sec.gov
POLLY A. ATKINSON (CO. Bar No. 18703)
admitted *pro hac vice*
Email:  atkinsonpolly@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, Colorado 80294
Telephone: (303) 844-1106

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | Case No. 20-cv-00511 |
| vs. | |
| BRADLEY C. REIFLER, | **ACKNOWLEDGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND** |
| Defendant, | |
| and | |
| FOREFRONT PARTNERS, LLC FOREFRONT CAPITAL SERVICES, LLC, and PORT ROYAL-NCM, LLC, | **Judge Richard F. Boulware, II** **Magistrate Judge Daniel J. Albregts** |
| Relief Defendants. | |

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Protective Order and understands that the

terms of the Confidentiality Order obligate him/her to use documents, materials, and information designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____   _____
                                          Signature