DANIEL KAHN
Acting Chief

THOMAS J. TYNAN
VA Bar No. 77420 (*pro hac vice*)
Trial Attorney
Criminal Division, Fraud Section
United States Department of Justice
1400 New York Ave., N.W.
Washington, D.C.  20005
Telephone: (202) 768-1136
Email: Thomas.Tynan@usdoj.gov

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BRADLEY C. REIFLER, *et al.*,<br><br>　　　　　　　Defendants. | 20-CV-00511<br><br><u>GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE AND TO STAY PROCEEDINGS</u> |

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

I.     BACKGROUND ..................................................................................................................... 1

II.    LEGAL STANDARD............................................................................................................... 2

III.   ARGUMENT ........................................................................................................................... 3

        A.     Intervention Is Warranted under Either Rule 24 Prong ............................................ 3

        B.     The Civil Case Should Be Stayed............................................................................. 3

IV.   CONCLUSION........................................................................................................................ 5

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bureerong v. Uvawas,* 167 F.R.D. 83 (C.D. Cal. 1996) ................................................................ 2

*Brock v. Tolkow*, 109 F.R.D. 116 (E.D.N.Y. 1985) ....................................................................... 4

*California ex rel. Lockyer v. United States*, 450 F. 3d 436 (9th Cir. 2006) ................................... 2

*Campbell v. Eastland*, 307 F. 2d 478 (5th Cir. 1962) .................................................................... 5

*Jones v. Conte*, No. C 045312S1, 2005 WL 1287017 (N.D. Cal. 2005) ........................................ 4

*Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995) ........................................ 2-3

*LaRouche Campaign v. FBI*, 106 F.R.D. 500 (D. Mass. 1985) ..................................................... 4

*SEC v. Desai*, 2016 WL 7010887 (3d Cir. Dec. 1, 2016) .............................................................. 3

*SEC v. Dresser Industries, Inc.*, 628 F. 2d 1368 (D.C. Cir. 1980) ................................................ 4

*SEC v. Nicholas*, 569 F. Supp. 2d 1065 (C.D. Cal. Dec. 22, 2010) ............................................... 3

*Trustees of the Plumbers Pension Fundv. Transworld Mechanical, Inc.*, 886 F. Supp. 1134
   (S.D.N.Y. 1995) ......................................................................................................................... 4

*United States v. Kordel*, 397 U.S. 1 (1970) ................................................................................... 3

*United States v. Mellon Bank, N.A.*, 545 F. 2d 869 (3rd Cir. 1976) .............................................. 4

*United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352 (S.D.N.Y. 1966) .................... 4

**Statutes**

18 U.S.C. § 1621 ............................................................................................................................ 1

18 U.S.C. § 1343 ............................................................................................................................ 1

**Rules**

Federal Rule of Civil Procedure 24 ........................................................................................... 1-4

Federal Rule of Criminal Procedure 16 ......................................................................................... 5

The United States of America, through the undersigned, seeks to stay this civil case pending resolution of a criminal case filed in the Middle District of North Carolina. All parties in the civil case agree that the civil case should be stayed pending resolution of the criminal case. Thus, pursuant to Rule 24 of the Federal Rules of Civil Procedure, the United States moves this Court: (a) to permit the United States to intervene in this case; and (b) to stay this case pending final resolution of the criminal case.

**I.     BACKGROUND**

On December 1, 2020, a federal grand jury in the Middle District of North Carolina returned an Indictment against Defendant Bradley C. Reifler ("Defendant"), charging him with four counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2, and one count of perjury, in violation of 18 U.S.C. § 1621. *See* Ex. A, Indictment, *U.S. v Reifler*, 20-cr-00512. On December 3, the Defendant was arrested, appeared in the Southern District of New York, where he resides, and was released on a personal recognizance bond and other standard pretrial conditions. The parties expect the Defendant to be arraigned in the near future.

The operative facts of the civil and criminal cases involve the same alleged misconduct. That is, both involve Defendant's misappropriation of funds from a life insurance company in North Carolina and the Defendant's false and misleading statements about the true use of the assets. The civil and criminal cases charge the same defendant with the same type of activity, allege a similar scheme to defraud, and involve a similar timeframe. Witness testimony and other evidence in both matters are also similar. The only material difference is that one case was brought civilly by the Securities and Exchange Commission ("SEC") and the other by the Department of Justice.

Given these parallel proceedings, and overlapping issues of proof, the United States now moves to stay this civil case through the final determination of the criminal case, including all appeals. Allowing this civil case to proceed would unduly compromise the criminal prosecution. Because civil discovery is far broader than criminal discovery, discovery in this civil case might

result in the disclosure of information and evidence to which criminal defendants are not entitled. Dissemination of confidential information might also discourage witnesses from cooperating with the prosecution and allow Defendant to tailor his defense accordingly. Therefore, the United States respectfully requests that the Court stay the civil case, as such stay would promote justice and would not meaningfully prejudice the parties' interests.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), any person may intervene in an action when that person "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." Rule 24(a)(2) is to be liberally construed on behalf of parties moving to intervene. *California ex rel. Lockyer v. United States*, 450 F.3d 436, 440 (9th Cir. 2006). The movant must satisfy a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Id.* (internal quotation omitted).

Alternatively, Rule 24(b) permits intervention when an applicant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "It is well established that the [Government] may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway that involves common questions of law and fact." *Bureerong v. Uvawas*, 167 F.R.D. 83, 86 (C.D. Cal. Jan. 8, 1996).

With respect to the proposed stay, courts "defer[] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970), *cited in Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). In determining whether to grant a stay in a civil action during

2

the pendency of a related criminal matter, courts generally consider the factors laid out in *Keating*:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 325.

### III.  ARGUMENT

#### A.  Intervention Is Warranted under Either Rule 24 Prong

The Government satisfies all four prongs to intervene as a matter of right under Rule 24(a)(2).  *First*, this motion is timely as it has been filed before the bulk of discovery in the civil matter has begun.  Indeed, upon information and belief, although the civil parties have exchanged documents, they have paused their responses to pending interrogatories and have not conducted any depositions.  *Second*, the Government has a significant interest in this litigation because of the strong public interest in effectively enforcing criminal laws.  *Third*, as discussed below, the Government's interest in maintaining the integrity of the ongoing criminal proceedings may be impaired by the civil case.  *Finally*, the existing parties do not adequately represent the Government's interests: neither the SEC nor the Defendant share the Government's fundamental role in federal criminal law enforcement.

Additionally, permissive intervention under Rule 24(b)(2) is also appropriate because the legal and factual questions underlying both this litigation and the Government's criminal case—namely, whether Defendant unlawfully misappropriated funds from a life insurance company—are the same.  *See SEC v. Nicholas*, 569 F. Supp. 2d 1065, 1068 (C.D. Cal. Dec. 22, 2010) (granting the SEC's motion to permissively intervene as procedurally proper because the same security option formed the basis of both the civil and criminal cases).

#### B.  The Civil Case Should Be Stayed

Applying the *Keating* factors to the circumstances of this case, the requested stay is in "the

3

interests of justice." *Kordel*, 397 U.S. at 12 n.27. *First*, neither the SEC nor Defendant will be unduly prejudiced by a stay of the proceedings. As noted above, neither party opposes this motion. Indeed, as discussed further below, completion of the criminal proceedings may ultimately accelerate the civil litigation when it resumes by streamlining resolution of issues common between the criminal and civil matters. *Second*, a stay furthers the interests of judicial economy. Staying the civil case will "insur[e] that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Jones v. Conte*, No. C 045312S1, 2005 WL 1287017 at *2 (N.D. Cal. 2005) (internal quotation omitted). Conversely, a conviction in the criminal action would also significantly increase the chances of a settlement here. *See Trustees of the Plumbers Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1140 (S.D.N.Y. 1995) (stating that "resolution of the criminal case may increase the possibility of settlement of the civil case due to the high standard of proof required in the criminal prosecution"). Thus, in light of those potential benefits, a stay serves the interests of judicial economy and efficiency. *Third*, as to other non-parties, the Government does not know of any non-parties to this litigation whose interests are not captured by the public interest.

Indeed, the public interest in a fair and effective criminal justice system strongly favors a stay. A stay of civil proceedings is particularly important to prevent the expansion of "rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b)." *SEC v. Dresser Industries, Inc.*, 628 F. 2d 1368, 1376 (D.C. Cir. 1980). Thus, most courts agree that "where both civil and criminal proceedings arise out of the same or related transactions, the Government is ordinarily entitled to a stay of all discovery in the civil action until disposition of the criminal matter." *United States v. One 1964 Cadillac Coupe DeVille*, 41 F.R.D. 352, 353 (S.D.N.Y. 1966); *see also United States v. Mellon Bank, N.A.*, 545 F. 2d 869, 873 (3rd Cir. 1976) (granting the Government's request for stay where "similarity of the issues left open the possibility [the defendant] might improperly exploit civil discovery for the advancement of his criminal case"); *LaRouche Campaign v. FBI*, 106 F.R.D. 500, 501 (D. Mass. 1985) (stating that "broad

rules of civil discovery cannot be used to circumvent the more restrictive rules of criminal discovery"); *Brock v. Tolkow*, 109 F.R.D. 116, 119 (E.D.N.Y. 1985) (noting that Government motion for "[a] stay of civil proceedings is most likely to be granted where the civil and criminal actions involve the same subject matter").

**IV.    CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court allow it to intervene and stay the civil case until final resolution of the criminal matter.

Date: February 10, 2021                    Respectfully submitted,

                                           DANIEL KAHN
                                           Acting Chief
                                           Criminal Division, Fraud Section

                                           */s/ Thomas J. Tynan*
                                           Thomas J. Tynan
                                           Trial Attorney
                                           Criminal Division, Fraud Section

**CERTIFICATE OF SERVICE**

I hereby certify, this 10th day of February, 2021, that I caused the foregoing Government's Motion to Intervene and Stay Proceedings, the accompanying Memorandum of Points and Authorities in Support, and the proposed order to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to counsel for the parties.

/s/ Thomas J. Tynan

Thomas J. Tynan
Trial Attorney