**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:20-cv-00511-CDS-DJA |
| Plaintiff | |
| vs. | **FINAL JUDGMENT AS TO DEFENDANT BRADLEY C. REIFLER AND RELIEF DEFENDANTS FOREFRONT PARTNERS, LLC, FOREFRONT CAPITAL SERVICES, LLC, AND PORT ROYAL-NCM, LLC** |
| BRADLEY C. REIFLER, | |
| Defendant | |
| and | |
| FOREFRONT PARTNERS, LLC FOREFRONT CAPITAL SERVICES, LLC, and PORT ROYAL-NCM, LLC, | |
| Relief Defendants | |

The Securities and Exchange Commission ("SEC") having filed a Complaint and Defendant Bradley C. Reifler ("Defendant") and Relief Defendants Forefront Partners, LLC, ("Forefront Partners") Forefront Capital Services, LLC, ("Forefront Capital") and Port Royal-NCM, LLC ("Port Royal-NCM") (collectively, "Relief Defendants") having entered a general appearance; consented to the Court's jurisdiction over each of them and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is

permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of

1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5],

directly or indirectly, by using any means or instrumentality of interstate commerce, or of the mails,

or of any facility of any national securities exchange, in connection with the purchase or sale of any

security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact

necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

**II.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933

[15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails, directly or

indirectly:

2

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact    or

any omission of a material fact necessary in order to make the statements   made, in light of

the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant

is permanently restrained and enjoined from violating Sections 206(1) and (2) of the Investment

Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and 80b-6(2)], while acting as an investment adviser,

directly or indirectly, by use of the mails or means and instrumentalities of interstate commerce,

from:  (a) employing devices, schemes or artifices to defraud clients or prospective clients; or (b)

engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon

clients or prospective clients.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in

Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who

receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or

participation with Defendant or with anyone described in (a).

**IV.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, offer, or sale of any security, provided, however, such injunction shall not prevent Defendant from purchasing or selling securities for his own personal accounts.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**V.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant and Relief Defendants Forefront Partners and Forefront Capital are jointly and severally liable for disgorgement of $9,095,335, plus prejudgment interest thereon in the amount of $1,792,775, and Defendant and Relief Defendant Port Royal-NCM are jointly and severally liable for disgorgement of $652,244, plus prejudgment interest thereon in the amount of $127,802, with these amounts deemed fully satisfied due to the imposition of the restitution order by the court in the related criminal proceeding in the amount of $20,322,220 in *United States v. Bradley C. Reifler*, Crim. No. 1:20-CR-512 (United States District Court for the Middle District of North Carolina) (Docket Entry # 117).

**VI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, for

purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C.

§523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for

disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this

Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered

in connection with this proceeding, is a debt for the violation by Defendant of the federal securities

laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the

Bankruptcy Code, 11 U.S.C. §523(a)(19).

**VII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court

shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**Dated**: December 1, 2023

_____

HONORABLE CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff

   vs.

BRADLEY C. REIFLER,

          Defendant

and

FOREFRONT PARTNERS, LLC
FOREFRONT CAPITAL SERVICES,
LLC, and
PORT ROYAL-NCM, LLC,

          Relief Defendants

Case No. 2:20-cv-00511-CDS-DJA

**CONSENT OF DEFENDANT
BRADLEY C. REIFLER AND
RELIEF DEFENDANTS
FOREFRONT PARTNERS, LLC,
FOREFRONT CAPITAL SERVICES,
LLC, AND PORT ROYAL-NCM, LLC**

**Judge Cristina D. Silva**

    1.     Defendant Bradley C. Reifler ("Defendant") and Relief Defendants Forefront Partners, LLC ("Forefront Partners"), Forefront Capital Services, LLC ("Forefront Capital"), and Port Royal-NCM, LLC ("Port Royal") (collectively "Relief Defendants") acknowledge having been served with the complaint in this action, enter a general appearance, and admit the Court's jurisdiction over Defendant and Relief Defendants and over the subject matter of this action.

    2.     Defendant has pleaded guilty to criminal conduct relating to certain matters alleged in the complaint in this action. Specifically, in *United States v. Bradley C. Reifler*, Crim. No. 1:20-CR-512 (United States District Court for the Middle District of North Carolina), Defendant pleaded guilty to one count of Wire Fraud, Title 18 [18 U.S.C. §§ 1343 and 2] ("Related Criminal Proceeding"). In connection with that plea in the Related Criminal Proceeding, Defendant admitted the facts set forth in his Change of Plea Proceedings that occurred on May 5, 2022 (transcript

attached as Exhibit A to this Consent), and Defendant was subsequently sentenced to five years in prison, three years of supervised release, and consented to the entry of a forfeiture money judgment and ordered to pay $20,322,220 in restitution ("Restitution Order").  *See* Docket Entry # 117 in the Related Criminal Proceeding.  This Consent shall remain in full force and effect regardless of the existence or outcome of any further proceedings in the Related Criminal Proceeding.

   3. Defendant and Relief Defendants hereby consent to the entry of the Final Judgment as to Defendant Bradley C. Reifler and Relief Defendants Forefront Partners, LLC, Forefront Capital Services, LLC and Port Royal-NCM, LLC, ("Final Judgment"), in the form attached hereto and incorporated by reference herein, which, among other things:

    (a) permanently restrains and enjoins Defendant from violating: (i) Section 17(a) of the Securities Act of 1933 [15 U.S.C. §77q(a)]; (ii) Section 10(b) of the Securities Exchange of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and (iii) Sections 206(1) and (2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)];

    (b) permanently restrains and enjoins Defendant from, directly or indirectly, including, but not limited to, through any entity owned or controlled by him, participating in the issuance, offer, or sale of any security, provided, however, such injunction shall not prevent Defendant from purchasing or selling securities for his own personal accounts; and

    (c) orders Defendant and Relief Defendants Forefront Partners and Forefront Capital, jointly and severally, to pay disgorgement of $9,095,355, plus prejudgment interest thereon in the amount of $1,792,775 and orders Defendant and Relief Defendant Port Royal, jointly and severally, to pay disgorgement of $652,244, plus prejudgment interest thereon in the amount of $127,802, with these amounts deemed fully satisfied due to the imposition of the Restitution Order in the Related Criminal Proceeding.

   4. Defendant and Relief Defendants waive the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

   5. Defendant and Relief Defendants waive the right, if any, to a jury trial and to appeal

2

from the entry of the Final Judgment.

6.      Defendant and Relief Defendants enter into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant or any Relief Defendant to enter into this Consent.

7.      Defendant and Relief Defendants agree that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8.      Defendant and Relief Defendants will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waive any objection based thereon.

9.      Defendant and Relief Defendants waive service of the Final Judgment and agree that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant and Relief Defendants of its terms and conditions.  Defendant and Relief Defendants further agree to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant and Relief Defendants has received and read a copy of the Final Judgment.

10.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the

3

rules and regulations of self-regulatory organizations, licensing boards, and other regulatory

organizations.  Such collateral consequences include, but are not limited to, a statutory

disqualification with respect to membership or participation in, or association with a member of, a

self-regulatory organization.  This statutory disqualification has consequences that are separate from

any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding

before the Commission based on the entry of the injunction in this action, Defendant understands

that he shall not be permitted to contest the factual allegations of the complaint in this action.

11.     Defendant and Relief Defendants understand and agree to comply with the terms of

17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a

defendant or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings." As part of Defendant's agreement to comply

with the terms of Section 202.5(e), Defendant acknowledges the guilty plea and conviction for

related conduct described in paragraph 2 above, and: (i) will not take any action or make or permit

to be made any public statement denying, directly or indirectly, any allegation in the complaint or

creating the impression that the complaint is without factual basis; (ii) will not make or permit to be

made any public statement to the effect that Defendant does not admit the allegations of the

complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this

Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any

allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in

Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true,

and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due

by Defendant under the Final Judgment or any other judgment, order, consent order, decree or

settlement agreement entered in connection with this proceeding, is a debt for the violation by

Defendant of the federal securities laws or any regulation or order issued under such laws, as set

forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches

this agreement, the Commission may petition the Court to vacate the Final Judgment and restore

this action to its active docket.  Nothing in this paragraph affects Defendant's: (i) testimonial

obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in

which the Commission is not a party.

      12.     Defendant and Relief Defendants hereby waive any right under the Equal Access to

Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other

provision of law to seek from the United States, or any agency, or any official of the United States

acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other

fees, expenses, or costs expended by Defendant and Relief Defendants to defend against this action.

For these purposes, Defendant and Relief Defendants agrees that Defendant and Relief Defendants

are not the prevailing party in this action since the parties have reached a good faith settlement.

      13.     Defendant and Relief Defendant agree that the Commission may present the Final

Judgment to the Court for signature and entry without further notice.

      14.     Defendant and Relief Defendant agree that this Court shall retain jurisdiction over

this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: July __ Sep 14, 2023          By: _____
                                       Bradley C. Reifler

On July, __ Sep 14 2023, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

Commonwealth of Pennsylvania - Notary Seal
Heidi L. Gitschlag, Notary Public
Lycoming County
My commission expires September 1, 2027
Commission number 1264427
Member, Pennsylvania Association of Notaries

_____
Notary Public
Commission expires: September 1, 2023 2027

--------------------------------------------------------------------------------

                            Relief Defendant Forefront Partners, LLC

                            By: _____

5

Bradley C. Reifler
President and CEO

On ~~July~~ Sept 14, 2023, Bradley C. Reifler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Forefront Partners, LLC as its President and CEO.

Commonwealth of Pennsylvania - Notary Seal
Heidi L. Gitschlag, Notary Public
Lycoming County
My commission expires September 1, 2027
Commission number 1264427
Member, Pennsylvania Association of Notaries

_Heidi Gitschlag_
Notary Public
Commission expires: September 1, 2027

-----------------------------------------------------------------------------

Relief Defendant Forefront Capital Services, LLC

By: _____
Bradley C. Reifler
President and CEO

On ~~July~~ Sept 14, 2023, Bradley C. Reifler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Forefront Capital Services, LLC as its President and CEO.

Commonwealth of Pennsylvania - Notary Seal
Heidi L. Gitschlag, Notary Public
Lycoming County
My commission expires September 1, 2027
Commission number 1264427
Member, Pennsylvania Association of Notaries

_Heidi Gitschlag_
Notary Public
Commission expires: September 1, 2027

-----------------------------------------------------------------------------

Relief Defendant Port Royal-NCM, LLC

By: _____
Bradley C. Reifler
Sole Member

On ~~July~~ Sept 14, 2023, Bradley C. Reifler, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of Port Royal-NCM, LLC as its Sole Member.

Commonwealth of Pennsylvania - Notary Seal
Heidi L. Gitschlag, Notary Public
Lycoming County
My commission expires September 1, 2027
Commission number 1264427
Member, Pennsylvania Association of Notaries

_Heidi Gitschlag_
Notary Public
Commission expires: September 1, 2027

6